48 So.3d 210 (2010)
STATE of Louisiana
v.
Deloyd JONES.
No. 2010-KK-1026.
Supreme Court of Louisiana.
October 1, 2010.
PER CURIAM.
Writ granted. The trial court ruling suppressing the identification made by the victim is reversed.
The victim told the police he recognized the person who shot him as "Puggy", whom he knew from the neighborhood. On the day of the shooting, the victim was shown a six person photographic lineup, but was unable to identify the defendant. In this first photo lineup, all of the men had dreadlocks. However, on the day of the shooting defendant had short hair. Defendant was arrested on the day of the shooting on an unrelated charge; the booking photograph depicts the defendant with short hair.
Two months later, the victim was shown a second photographic lineup. Defendant's recent booking photo was included and all of the men in the lineup had short hair. The victim identified the defendant.
The trial court found its reliability questionable and suppressed this identification based upon the last two Brathwaite factors.[1] It reasoned that the victim's identification *211 was uncertain, the use of the booking photo in the lineup was possibly suggestive, and too much time had elapsed between the crime and negative identification and the positive identification. We find the trial court abused its discretion in suppressing the identification.
In the first photo lineup, the defendant had dreadlocks even though he had short hair at the time of the alleged offense. Thus, there is a reasonable explanation for the victim's failure to identify anyone in the first lineup. Nor do we find the two month delay between the lineups an unreasonable length of time that would increase the likelihood of misidentification. Assuming arguendo the use of the booking photo was possibly suggestive, the defendant did not prove that any suggestiveness resulted in a likelihood of misidentification. A defendant attempting to suppress an identification must prove both that the identification itself was suggestive and that there was a substantial likelihood of misidentification as a result of the identification procedure. State v. Brown 03-897, p. 19 (La.4/12/05), 907 So.2d 1, 16; State v. Prudholm, 446 So.2d 729, 738 (1984).
In reversing the trial court ruling, we find it appropriate to observe these comments in Brathwaite concerning admissibility of identification:
In essence what the Stovall [v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967)][2] due process right protects is an evidentiary interest....
It is part of our adversary system that we accept at trial much evidence that has strong elements of untrustworthinessan obvious example being the testimony of witnesses with a bias. While identification testimony is significant evidence, such testimony is still only evidence, and, unlike the presence of counsel, is not a factor that goes to the very heartthe "integrity"of the adversary process.
Counsel can both cross-examine the identification witnesses and argue in summation as to the factors causing doubts as to the accuracy of the identification including reference to both any suggestibility in the identification procedure and any countervailing testimony such as an alibi, demons v. United States, 133 U.S.App. D.C. 27, 48, 408 F.2d 1230, 1251 (1968) (concurring opinion) (footnote omitted), cert. denied, 394 U.S. 964, 89 S.Ct. 1318, 22 L.Ed.2d 567 (1969).
Brathwaite, 432 U.S. at 113, n. 14, 97 S.Ct. at 2252 (ellipsis in original).
The trial court's ruling suppressing the identification is reversed. Our order staying all proceedings in this matter is lifted. This matter is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.
STAY LIFTED. REVERSED AND REMANDED.
JOHNSON, J., dissents.
WEIMER, J., dissented with reasons.
WEIMER, J., dissenting.
In suppressing the identification in this case, the district court carefully considered the factors outlined in Manson v. Brathwaite, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977), and articulated the reasons why she concluded the identification was suggestive and there was a likelihood of misidentification as a result of the identification procedure. The standard of *212 review of a district court's ruling on the admissibility of identification evidence is abuse of discretion. State v. Bickham, 404 So.2d 929 (La.1981). Applying that standard in this case, I find the district court's ruling, which was based on the court's ability to view first hand the photographs used in the line-up identification and to assess the credibility of the witnesses, was within the court's discretion. The State's application for writ of certiorari should be denied.
NOTES
[1] Reliability is the linchpin in determining the admissibility of identification testimony. The factors to be considered include (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of his prior description of the criminal; (4) the level of certainty demonstrated at the confrontation; and (5) the time between the crime and the confrontation. Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).
[2] In Stovall the Court instructed that determining whether due process was violated in the conduct of a confrontation depends on the totality of the circumstances surrounding it. Stovall, 388 U.S. at 302, 87 S.Ct. at 1972.